# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 976 | **DATE** | 5/2/2002 |
| **CASE TITLE** | Khan vs. Chicago Housing Authority | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 21-1) for summary judgment is granted. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 0 3 2002 | 49 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MUSHTAQUE A. KHAN,                )
                                  )
            Plaintiff,             )
                                  )
    vs.                           )    01 C 976
                                  )
CHICAGO HOUSING AUTHORITY,        )
                                  )
            Defendant.            )

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion for summary judgment of Defendant Chicago Housing Authority. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff Mushtaque Khan ("Khan") is a former employee of Defendant Chicago Housing Authority ("CHA"). In early 1999, Khan was assigned to work as Senior Project Administrator for a window replacement project on a CHA building called the Fisher Apartments ("the Fisher project"). Damian Warshall ("Warshall") was Khan's supervisor for this project. The work for the Fisher project was performed by an outside contractor, MRE Construction. The project began in early 1999, with a budget of approximately $600,000. It entailed installation of windows and window-unit air

conditioners. By October, residents had begun to complain about problems with the new windows, including rain seepage, bowing, and gaps around the air conditioning units. The following month, the building was cited for 15 violations of the Chicago Building Code.

In February 2000, although the construction was not complete and the work that had been done was of substandard quality, Khan signed off on the final payment to MRE Construction. That same month, CHA received a request from MRE for an additional $29,000 for work that the company had performed that CHA had not approved. Warshall and Khan met with MRE to discuss the additional $29,000 as well as CHA's dissatisfaction with the work that had been performed. The minutes of the meeting note that the final pay request (aside from the $29,000) had been approved and processed. April saw a flurry of letters and emails among Warshall, Khan, and MRE, and in May, Warshall recommended that Khan's employment be terminated. On May 23, CHA followed Warshall's recommendation.

In February 2001, Khan filed suit, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-31, and Title VII. CHA now moves for summary judgment of all of Khan's claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). With these principles in mind, we consider CHA's motion.

## DISCUSSION

**False Claims Act**

In pertinent part, the FCA prohibits individuals from knowingly causing false or fraudulent claims to be paid by the federal government. 31 U.S.C. § 3729(a). Either the Attorney General or a private party can investigate and bring suit for violations of the FCA. 31 U.S.C. § 3730(a), (b). However, a private party is limited to bringing an action on behalf of the government, called a qui tam action, and must follow certain statutory procedures in pursuing the action. First, the action must be brought in the name of the government. 31 U.S.C. § 3730(b)(1). Second, the party must serve the government with the complaint and disclose all material evidence and information in his or her possession. 31 U.S.C. § 3730(b)(2). Upon receipt of these materials, the government can elect to intervene and take over the primary responsibility for pursuing the action. Id. The private party may not conduct the action unless the government decides not to intervene. 31 U.S.C. § 3730(c)(3). The FCA also contains protections in a "whistleblower provision" for employees whose employers retaliate against them for taking lawful action under its provisions. 31 U.S.C. § 3730(h); Zahodnick v. IBM Corp., 135 F.3d 911, 914 (4th Cir. 1997).

Count I of Khan's complaint alleges that CHA, through Warshall, violated the FCA by eliminating much of its engineering department and awarding contracts to

acquaintances rather than going through a bidding process.[1] Although the complaint does not contain specific sections of the FCA, the content of his later submissions indicates that, in addition to his underlying claim that CHA violated § 3729, Khan alleges retaliation in violation of § 3730(h).

As a private party, Khan must bring his FCA claim qui tam or not at all. Erickson ex rel. U.S. v. American Institute of Biological Sciences, 716 F. Supp. 908, 911 (E.D. Va. 1989). CHA argues that the FCA claim cannot proceed because Khan has not followed the mandatory steps specified in the statute for a qui tam action. 31 U.S.C. § 3730(b)(1). Specifically, Khan brings the action in his own name, rather than in the name of the government; he did not serve the complaint and his evidence upon the government; and he did not allow them to decide whether to intervene in the prosecution of the claim. Khan cannot maintain a qui tam action until the government declines to take over the case, an opportunity Khan never afforded them, even though the statute clearly requires him to do so. Erickson, 716 F. Supp. at 911 (dismissing complaint when qui tam plaintiff did not comply with statutory procedures). To cure this deficiency, Khan offers to amend the complaint to add the state of Illinois as a

---

[1]Because CHA is under the control of the Department of Housing and Urban Development, Khan's allegations fall within the scope of the FCA. Inspector General v. Banner Plumbing Supply, 34 F. Supp. 2d 682, 683 (N.D. Ill. 1998). See also U.S. v Killough, 625 F. Supp. 1399, 1402 (M.D. Ala. 1986)

party, but such an amendment is not appropriate at this late stage of the litigation—more than a year after the complaint was filed, well after the close of discovery, and after a summary judgment motion has been fully briefed. See, e.g., Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, (7th Cir. 2001). We conclude that Khan has not complied with the prerequisites for a qui tam FCA claim, and CHA is therefore entitled to summary judgment of Count I.

Count II alleges that CHA fired Khan in retaliation for the efforts he claims he took in exposing unlawful activity by Warshall. To prove actionable retaliation under § 3730(h), a plaintiff must show that he or she engaged in activity protected by the statute, the employer knew of the employee's protected activity, and the employer took action against the employee because of the protected activity. Moore v. Calif. Inst. of Tech. Jet Propulsion Laboratory, 275 F.3d 838, 845 (9th Cir. 2002). Khan claims that he contacted members of the press about problems with CHA's renovation of the Robert Taylor Homes, another public housing facility. He theorizes that Warshall learned of these contacts and that his displeasure with Khan's activity was the true reason why Khan's employment was terminated.

There is some question as to whether Khan can satisfy the first element of his retaliation claim. His testimony with regard to the details of his contact with the press suffers from fundamental vagueness and inconsistencies, and there is no indication from
- 6 -

the record that he instituted this contact in furtherance of his later FCA claim. (Pl.'s Dep. pp. 329-30). In any event, it is clear from Khan's deposition testimony that he cannot make out the second element, that CHA knew of his contact with members of the press. He told no one, and his only proof that Warshall had an inkling consists of unfounded suspicions. (Pl.'s Dep. pp. 331, 334). Without proof that CHA knew of Khan's activity, assuming that he engaged in it, Khan cannot establish that CHA violated § 3730(h). Zahodnick, 135 F.3d at 914 (employer could not violate whistleblower provision when it did not know of employee's FCA-related activities); U.S. ex rel. Ramseyer v. Century Healthcare Corp., 90 F.3d 1514, 1522 (10th Cir. 1996) (same). Accordingly, CHA is entitled to summary judgment of Count II.

**Title VII**

Count III of Khan's complaint contends that his employment was terminated not only because of his actions with regard to the Taylor project but also because of his race. Khan offers no direct evidence of discrimination on the part of CHA, so he must make his case with indirect evidence using the methodology first spelled out in McDonnell-Douglas v. Green, 93 S.Ct. 1817, 1824 (1973). To make out a prima facie case of employment discrimination on the basis of race, Khan must show (1) membership in a protected class; (2) his work performance satisfied CHA's legitimate expectations; (3) an adverse employment action; and (4) CHA treated similarly situated

employees not of the same class more favorably. Brummett v. Lee Enterprises, Inc., 284 F.3d 742, 744 (7th Cir. 2002). If Khan fails to make an adequate showing of any of these elements, CHA is entitled to summary judgment on Count III. Hilt-Dyson v. City of Chicago, 282 F.3d 456, 465 (7th Cir. 2002).

CHA takes issue with the sufficiency of Khan's ability to establish the second and fourth elements, contending that Khan did not meet legitimate expectations of performance on the Fisher project and noting that he has not identified any similarly situated non-Indian employees who were treated more favorably than he. The lack of a proper showing on the fourth element is immediately apparent; Khan has given no examples of non-Indian employees who received more favorable treatment. Without a point of comparison, we can perform no meaningful assessment of the propriety of CHA's conduct toward Khan. Carson v. Bethlehem Steel Corp., 82 F.3d 157, 158 (7th Cir. 1996).

Even if Khan had been able to show more favorable treatment of another employee, his showing on the second element also falls short of the mark. As Senior Project Administrator for the Fisher Apartments window replacement, Khan was responsible for ensuring that the Fisher project was conducted efficiently and completed in a timely manner. He was also to supervise and assess the progress of the construction, as well as handling the administration of pay requests and the like.

Neither party disputes that there were serious problems with the execution of the Fisher project. Khan himself characterized the workmanship as being of poor quality on at least two occasions. Def's. Exh. F. Furthermore, neither party disputes that MRE charged CHA for $29,000 of unapproved work on the project. To show that he was in fact living up to CHA's expectations, Khan points to ratings given him on previous performance evaluations and repeatedly asserts that the ultimate responsibility for overseeing the project and ensuring that it was running smoothly and properly lay with Warshall. Pl.'s Resp. to Def.'s Stmt. of Mat. Facts, ¶¶ 22, 26, 31. These arguments are unpersuasive. The previous performance evaluations are of limited value to the issues in a case such as this, which must focus on the quality of Khan's performance at the time of his discharge, not throughout his employ with CHA. Fortier v. Ameritech, 161 F.3d 1106, 1113, 1114 (7th Cir. 1998). The undisputed evidence demonstrates that Khan did not perform *his* duties, regardless of what Warshall's duties were. Moreover, work on a project that Khan was supervising was poorly done, and the CHA was charged for work and materials they did not request. Khan offers several reasons why he did not fulfill the duties of his position, but our task is to determine whether Khan was doing his job. The undisputed evidence shows that he was not. Our inquiry therefore ceases; the whys and wherefores of substandard job performance are the province of human resource departments, not courts of law. See, e.g., Millbrook v. IBP,

Inc., 280 F.3d 1169, 1181 (7th Cir. 2002). Because Khan cannot satisfy each of the elements of his prima facie case, CHA is entitled to summary judgment on Count III as well.

## CONCLUSION

Based on the foregoing analysis, the CHA's motion for summary judgment is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:  May 2, 2002